# Evans *against* Mengel.

*Quære.* Whether the act of one of two joint guardians be binding upon their wards. But if both the guardians or their wards afterwards derive a benefit from the act done, it is as binding upon them as if both had originally agreed to it. One of two joint guardians may accept a benefit bestowed upon their wards.

The reference of a matter of fact to a jury about which there is no proof, is erroneous.

ERROR to the common pleas of *Berks* county.

Jonathan Jones and Davis Jones, executors of John Jones, surviving executor of John Evans, deceased, for the use of the heirs and legal representatives of the said John Evans, deceased, against Henry Mengel.

This was an action of debt on four bonds, conditioned for the payment of 1200 pounds each, with interest from the 1st of April 1816 The great quantity of parol and record evidence given in the case, renders it inconvenient to report it; and as many of the points discussed in the court below were not argued or decided in this court, we have omitted any other statement of them than that contained in the opinion of the court, which was delivered by

KENNEDY, J.—The decision of the question, involved in the first

error assigned, does not appear to have been raised by the evidence given on the trial of the cause; and the determination of it by the court below would therefore seem to have been unnecessary; or if it was, the evidence showed clearly that the arrangement under which the mortgage was taken, whatever it might have been, was fully assented to and ratified by all the guardians subsequently, when the mortgaged land came to be sold by the sheriff under executions sued out upon judgments had in suits commenced and prosecuted on some of the bonds, recited in the mortgage, to secure the payment whereof the mortgage was given. The guardians acting on behalf of their wards, by procuring the mortgage and the warrant of attorney, under the latter of which they caused satisfaction to be entered upon the previous judgment against John Mengel, the principal in the bonds, in favour of his sureties and Abraham Mengel, acquired the first lien against the land. This was certainly an advantage gained for the heirs or wards, which the guardians all joined in claiming, and which their wards got the benefit of by having the money arising from the sheriff's sale of the land, appropriated to the judgments on the bonds in virtue of the preference gained by the lien of the mortgage. It therefore follows that, according to the maxim, *omnis ratihabitio retrotrahitur et mandato priori equiparatur*, the act of taking the mortgage must be considered the act of all the guardians. And it would also seem to be reasonable, that their wards, having derived a benefit from it, should be bound as well as themselves by the terms and conditions upon which it was obtained. We therefore think, under this aspect, that it was wholly immaterial whether the act of one of two joint guardians was sufficient to bind his wards or not, because both approved, afterwards, of what was done, and claimed the advantage acquired thereby, which went to the benefit of their wards.

But again, it would also seem from the evidence, that this question did not necessarily arise in the cause; and therefore the decision of it by the court, whether right or wrong, not being material to the issue trying, would not be sufficient ground for reversing the judgment. The evidence in relation to the mortgage shows that it was given as an additional security, without any agreement on the part of the guardians, or of any of them, to release the defendant from his liability as surety in the bonds here in suit, or to relinquish any portion of the security which had been previously given for the payment of the purchase money of the land. The most that appears in relation to this matter is in the testimony of Abraham Mengel. He says, that John Mengel, the purchaser of the land and the principal in the bonds, refused for a long time to give the mortgage, unless Edward Davies, one of the guardians, who was then pressing John Mengel for the mortgage, would give up the bonds: that Davies said it made very little difference about the bonds: that they wished to have a mortgage on the land for the heirs of Evans: but John Mengel still continuing to refuse to give the mortgage, unless

VI.—K

the bonds were given up by Davies, the latter started to go away from the place where this happened, which was at the house of John Mengel. Davies, however, having said before he started that he would sue on the bonds then payable, immediately, if the mortgage were not given, he was called back, and the mortgage was then executed by John Mengel, without more being said; and that the bonds were not given up. No witness says, that as a consideration for giving the mortgage, it was agreed that the bonds should be delivered up; or that the sureties therein should be released or discharged from their liability as such. But Edward Davies, who was a witness, testifies that he told John Mengel and the sureties, at the time of executing the mortgage, that he could not release the sureties. Hence it appeared on the trial, that the giving of the mortgage was a voluntary act on the part of the mortgagor, without any thing being given up therefor by the guardians, that belonged to their wards: and that any one of the guardians could accept of a benefit thus bestowed, cannot be questioned.

But as there was no evidence whatever given, tending to show that the guardians, or any of them, had agreed to give up the bonds, or to exonerate the sureties in any way, we think that the court erred in leaving it to the jury as a question of fact, to be decided by them, whether Edward Davies, as one of the guardians, had not agreed to discharge the defendant from his liability to pay the amount of the bonds; and that if they believed such agreement was made, and that it was beneficial to the wards, it was binding, and their verdict ought to be for the defendant. The judgment must, therefore, be reversed on this ground, according to the principle laid down in Whitehill v. Wilson, 3 *Penns. Rep.* 405, and Stouffer v. Latshaw, 2 *Watts* 165; as also in previous cases.

Judgment reversed, and a *venire de novo* awarded.

*Gordon* and *Biddle*, for plaintiffs in error.
*Deckart* and *Smith*, for defendant in error.

