## EVANS *v.* MENGEL.

1. A deed of conveyance of land, in consideration of which bonds in suit were given, and which tends to elucidate the origin and history of the transactions between the parties, and to explain their character, is not so obviously irrelevant as to be inadmissible.

2. A refusal by the court to permit a plaintiff to ask his own witness a question, is cured, if otherwise wrong, by evidence afterwards given by the same witness, which furnishes an answer to the question.

3. The refusal by a court to discharge a jury during the trial, is not the subject of a writ of error; nor can the grounds and reasons of the determination properly be made a part of the record for such purpose.

4. The remedy of the party to whom any wrong results from the decision in such case, is by motion for a new trial.

ERROR to Common Pleas of Berks county.

*June* 16. This case has been twice before this court upon former writs of error, and came up again upon the testimony of the same witnesses. The different aspect under which the case now presented itself, arose from the proof of an additional fact, which is fully explained and stated in the opinion of the court. For a report of

the leading facts in this case, and the on decisions on questions of law, arising upon the answers and charges of the court below, on the former writs of error, see 6 Watts, 72, and 1 Barr, 68.

*Strong* and *Gordon*, for plaintiffs in error.
*Smith* and *J. M. Porter*, for defendants in error.

*June* 22.    SERGEANT, J.—The questions of law in this case, arising upon the answers and charges of the court, have already been fully examined and decided in the two former writs of error, reported in 6 Watts, 72, and 1 Barr, 68 ; and it is therefore unnecessary to repeat them, as they do not present themselves with any new feature on the present occasion.    The only matter that raised a doubt on the last writ of error was, as to the proof of a fact, that is to say, whether or not the testimony given by Abraham Mengel sufficiently showed that Edward Davies, at the meeting which took place on the 17th of July, 1816, agreed to give up the bonds.

This court was of opinion that his testimony did not suffice to prove that the guardians agreed to exonerate the obligors, in consideration of John Mengel's executing the mortgage; inasmuch as Abraham Mengel did not prove an agreement by Edward Davies to give up the bonds, but only certain facts and circumstances, amounting to no more than an expression of opinion that the bonds were, or would be of no avail, and that the expressions sworn to, " we agreed John would sign, provided the judgment and bonds were given up," did not admit of the construction that Edward Davies agreed.    Now, however, the case presents itself under a different aspect; for Abraham Mengel says, not only what he did before, but also, that " when I say we and they agreed, I mean the whole party, Davies and the rest of them."    We cannot therefore say that there was no evidence to go to the jury.    They had before them all the former testimony of Abraham Mengel, and the contradictory evidence of Davies himself, and it was their province to decide on the credibility of the witnesses, and the truth of facts disputed.

On the question of ratification, the law was expressly ruled in the first writ of error, and confirmed in the second ; that whether the receipt of the mortgage and concomitant discharge of the bonds by one of two joint guardians was binding on the other or not, yet if both guardians or their wards joined in claiming under such mortgage, and received the benefit of the lien obtained by it, by having the money arising from the sheriff's sale of the lands appropriated to it, they are bound by the terms and conditions on which it was obtained.

It remains to notice the bills of exception.

1. The first is to the admission, on the part of the defendant, of the deed dated the 15th of September, 1814, from the executors of John Evans to John Mengel. This was a conveyance of the land, in consideration of which the bonds in suit were given, and tended to elucidate the origin and history of the transactions between the parties, and to explain their character. We cannot, therefore, say that it was so obviously irrelevant as to be inadmissible.

2. The second error is the refusal of the court to permit the plaintiff to ask Edward Davies, if he had ever told Jones and Jenkins that he had released Francis and Henry. It is unnecessary to inquire how this might bear, if it stood on the mere rejection and nothing more; because the same evidence was afterwards given by the witness on the part of the plaintiff, that he told Jones and Jenkins what he had done, which was, that he had taken a mortgage on John's property with the consent of his brothers, who were all there: he told them nothing more. This cured the rejection, even if it was otherwise wrong.

3. The last ground of error to be noticed is, the refusal of the court to discharge the jury, during the trial, on the motion of the plaintiff. An application to the court to discharge the jury, on whatever ground it may be asked, is an application to the discretion of the court, to be exercised under a view of all the facts and circumstances of the case, and, like a numerous class of that description, not the subject of a writ of error; nor can the grounds and reasons of the determination properly be made a part of the record for that purpose. The remedy of the party to whom any wrong results from the decision of the court, is by motion for a new trial; and when a proper case is made out, we are bound to presume the court will always grant relief. But, like a motion for a new trial itself, it is not the subject of a writ of error.

Judgment affirmed.