Judgment reversed and a <i>procedendo</i> awarded.

## Thirteenth and Fifteenth Street Passenger Railway <i>versus</i> Boudrou.

| 92 | 475 |
|----|-----|
| 171 | 29 |
| 92 | 475 |
| 176 | 99 |

| 92 | 475 |
|----|-----|
| 27 SC | [1]149 |
| 92 | 475 |
| d221 | [3]617 |

1. Where a passenger upon a railway car was himself guilty of a want of care, but it did not contribute to the accident whereby he was injured, or only remotely contributed to it, he will not thereby be prevented from recovering damages from the company, when the negligence of the company was the proximate cause of the injury.

2. The test for contributory negligence is found in the affirmative of the question, did the plaintiff's negligence contribute in any degree to the furthering of the injury complained of? If it did, there can be no recovery; if it did not, it is not to be considered.

3. Plaintiff, who was riding upon the rear platform of a crowded street car, was struck by the pole of the car following, and seriously injured. <i>Held</i>, that in riding in this place, he was not guilty of contributory negligence; that although the accident would not have happened had he not been in that position, yet the position was but a condition and not the cause of the injury, and that the court properly withheld from the jury the question of contributory negligence.

4. The Act of April 4th 1868, limiting the amount to be recovered in case of personal injury to $3000, was unconstitutional. Actual damages for injuries sustained may be recovered without limitation as to amount. Central Railroad Co. of N. J. v. Cook, 1 W. N. C. 319, followed and affirmed.

January 19th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county*: Of January Term 1879, No. 115.

Case by Alexander Boudrou against the Thirteenth and Fifteenth Street Passenger Railway Company, to recover damages for injuries caused by the alleged negligence of defendant.

It appeared at the trial, that plaintiff, about ten o'clock on the night of April 18th 1871, got on a car of the defendant on Fif-

teenth street, at a point between Walnut and Chestnut streets. The plaintiff lived at Fifteenth street and Columbia avenue. The car was crowded, and plaintiff and several others were obliged to stand upon the rear platform. The plaintiff had been drinking, but was not in such a condition that he could not take care of himself. After he got on the car it stopped at Chestnut street, and there other persons got on, two of whom were ladies, who entered the body of the car. Upon the way up to Mount Vernon street, a distance of a few squares, the car, No. 13, stopped several times to let off and take on passengers. As the car approached Mount Vernon street, there were four other gentlemen and plaintiff on the rear platform. When the car reached that street, it stopped again to leave off passengers. At this moment, the pole of car No. 14, which was following rapidly up Fifteenth street, struck Boudrou a violent blow on the back, propelling him forward with great force and throwing him on his face on the floor in the aisle of the car. The cause of the collision was the breaking of the brake-chain. Plaintiff was leaning with his back against the dasher when struck. Two of his ribs were broken, and his lung and spinal column injured. He remained, for a time unconscious in the car, until he reached his home, when he was carried into his house. He was confined to his bed for six weeks, and to the house three months, suffering greatly; and was so much injured mentally and physically, as to almost unfit him for business. He was at the time of the accident about fifty-one years of age, was robust and active, and an energetic and industrious man, engaged in the real estate business and several other enterprises.

The following points were submitted, all of which the court, Finletter, J., refused:

1. That if the jury believe from the evidence that the plaintiff voluntarily put himself in a place of exposure and that in consequence of it the injury to him happened, he cannot recover, although he may be able to show negligence by the defendant: Mayo *v.* Boston and Maine Railroad Co., 104 Mass. 137.

2. That if the jury believe from the evidence that the plaintiff voluntarily got upon the platform of the car, knowing the car to be so crowded with passengers that he could not enter the car, but would be obliged to stand on the platform; that he did so stand on the platform and in consequence of being in that place on the car he received the injury, then he was guilty of negligence, and the verdict must be for the defendant.

3. That there being no evidence that the defendant actually did the injury complained of or commanded it to be done, the defendant company is only liable as employer of those whose alleged negligence caused the injury, and therefore the Act of Assembly of April 4th 1868 (Br. Purd. p. 1094), is constitutional and of bind-

ing force as regards this defendant, and the jury can in no event find greater damages than the sum of $3000.

4. That the platforms of a passenger railway car are intended for the ingress to and egress from the car, and it is negligence in a passenger to use them for any other purpose. That if the jury find from the evidence that the plaintiff occupied the back platform of the car on which he received his injury for the purpose of being carried as a passenger, he was guilty of contributory negligence, and the verdict must be for the defendant.

In the general charge the court, inter alia, said:

"Standing upon the rear platform was not negligence, even if there was no room in the body of the car, unless plaintiff was specially warned of danger and recklessly persisted in staying, and unless it appears that the injury was one which fell on him because he was in that particular place or position.

"But a passenger upon the back platform has no right to suppose that he may be run down by a following car. In this respect he is as much under the care of the driver of the coming car as he is under the care of the driver and conductor of his own car.

"It is not one of the dangers which makes the rear platform dangerous. The danger of falling off, of being knocked off by means not connected with the road, he doubtless takes upon himself; but to be driven into by the car following is not and ought not to be considered one of the incidents of riding upon the rear platform of a passenger car.

"If, therefore, you should find that the plaintiff was negligent in standing upon the rear platform and yet find that the collision could not have happened but for the negligence of the driver of car 14, plaintiff's negligence is not a bar to his recovery. In this event his negligence is to be considered a remote negligence and not a cause of the injury."

Verdict for plaintiff for $10,000. After judgment thereon defendant took this writ and alleged that the court erred sixth assignment in the above charge, seventh, eighth, ninth and tenth assignments in the answer to the points respectively.

*R. P. White*, *William Rotch Wister* and *George W. Thorn*, for plaintiff in error.—The plaintiff cannot recover unless he himself has been free from all negligence which contributed to the accident: 2 Redfield on Railways, sect. 103, 4th ed. The injury done to plaintiff was directly in consequence of his being on the back platform. The question whether his position there contributed to his injury was for the jury. The law is well settled that what is and what is not negligence in a particular case is generally a question for the jury and not for the court. It is always a question for the jury when the measure of duty is ordinary and reasonable care: West Chester & Philadelphia Railroad Co. *v.* McIlwee,

17 P. F. Smith 311; Forks Township v. King, 3 Norris 233; City of Harrisburg v. Saylor, 6 Id. 216; Detroit & Milwaukee Railroad v. Van Steinburg, 17 Mich. 99; Railroad Company v. Stout, 17 Wallace 657; Huelsenkamp v. Citizens Railway Co., 37 Mo. 537. Ordinary and reasonable care was certainly the measure of plaintiff's duty, and if so it was for the jury.

The primary use of platforms is for ingress and egress to and from the cars. They are not intended to carry passengers, and if they are so used it is for the convenience of the passengers themselves. Each passenger can demand a seat, and if one is not provided he can descend from the car and take another. Plaintiff, however, knew that the seats in the car were fully occupied, and he got upon the car notwithstanding that fact. He would not wait for the next car to come along in a few minutes. Experience proves that it is impossible to supply enough cars to meet the requirements of the public at hours when places of amusement close, and when many hundreds of people are sometimes suddenly thrown into our leading thoroughfares, and such the testimony shows was the actual case here.

The platform of a car is surely more dangerous to a passenger than the body of the car, and into the body of the car plaintiff could confessedly have passed without trouble, as several people did go in and come out after he got on. The case of the Central Railroad Co. of N. J. v. Cook, 1 W. N. C. 319, was overruled by Pennsylvania Railroad Co. v. Langdon, *ante*, page 21.

*John Scollay* and *F. Carroll Brewster*, for defendant in error.—The court ruled in exact accordance with the principle stated in 2 Redfield on Railways, sect. 103, 4th ed. : "The company shall be guilty of some negligence, and the passenger should not have been guilty of any want of ordinary care and prudence, which directly contributed to the injury, since no one can recover for an injury of which his own negligence was in whole or part the proximate cause."

In an action for an injury occasioned by the negligence of a defendant, the plaintiff cannot be held guilty of contributory negligence, unless he had some reason to expect danger from some natural and probable quarter, and voluntarily allowed himself or his property to remain in that danger, or voluntarily placed himself or his property in that danger: Gray & Bell v. Scott and Wife, 16 P. F. Smith 345; McGrew et al. v. Stone, 3 Id. 436; Humphreys v. Armstrong County, 6 Id. 204; Reeves v. Del., Lack. & W. Railroad Co., 6 Casey 454; Brown v. Lynn, 7 Id. 510; Penna. Railroad Co. v. Kilgore, 8 Id. 292; Penna. Railroad Co. v. McTighe, 10 Wright 316; O'Donnell v. Allegheny Valley Railroad Co., 9 P. F. Smith 239; Greenland v. Chaplin, 5 Exch. 243. In this case the danger was so remote that plaintiff was not

[Passenger Railway Co. v. Boudrou.]

bound to guard against it: Corrigan v. Sugar Refinery, 98 Mass. 577.

The plaintiff may recover "where the plaintiff's negligence is remote and the defendant's proximate; or, in other words where the plaintiff's negligence was a condition of the injury, but not its juridical cause." Whart. on the Law of Negligence, sect. 323, page 292. The right to sue of the legal representatives of a person killed by the negligence of another, was first granted by the legislature, and the legislature, therefore, can modify that right from time to time, or it may abolish it altogether. Consequently, the part of the act limiting damages for injuries resulting in death to be recovered by the relatives of the person killed to $3000, this court has held to be constitutional, for the reason that, among other things, the legislature gave the right, and it can also take it away with perfect propriety. See Langdon v. Penna. Railroad Co., supra.

Mr. Justice TRUNKEY delivered the opinion of the court, February 2d 1880.

The chief debatable question is presented in the sixth, seventh, eighth and tenth specifications of error. Defendant claims that the plaintiff was guilty of negligence which contributed to the accident, and that this was a question for the jury. The rule cited by its counsel is correct, namely, that to render a railway company liable to a passenger, the company shall be guilty of some negligence or omission which, mediately or immediately, produced or enhanced the injury; and the passenger shall not have been guilty of any want of ordinary care and prudence, which directly or indirectly contributed to the injury; since no one can recover for an injury of which his own negligence was in whole, or in part, the proximate cause: 2 Redfield on Rail., sect. 193. This rule permits recovery where the passenger was negligent, if there was no causal connection between his negligence and the injury. Hence, it is said in the same section, "Although the plaintiff's misconduct may have contributed remotely to the injury, if the defendant's misconduct was the immediate cause of it, and with the exercise of prudence he might have prevented it, he is not excused." And in Whart. on Neg., sect. 303, the principle is thus stated, "In order to defeat recovery of damages arising from the defendant's negligence, the plaintiff's negligence must have been the proximate and not the remote cause of the injury; in other words, must be its juridical cause, and not merely one of its conditions." The author further says, sect. 324, "The negligence, to make it a juridical cause, must be such, that by the usual course of events it would result, unless independent moral agencies intervene, in the particular injury. * * * In other words, to put the same doctrine into the language made familiar to us by the adoption of the terms 'proximate' and 'remote,' my

[Passenger Railway Co. *v.* Boudrou.]

'remote' negligence will not protect a person who, by 'proximate' negligence does me an injury." In England, the general rule is, that the plaintiff, in an action for negligence, cannot succeed if he has himself been guilty of any negligence or want of ordinary care which contributed to the accident. And a well-established qualification of the rule is, that though the plaintiff may have been guilty of negligence, and although that negligence may, in fact, have contributed to the accident, yet if the defendant could in the result, by the exercise of ordinary care and diligence, have avoided the mischief which happened, the plaintiff's negligence will not excuse him: Radley *v.* Railway Co., Law Rep., 1 Ap. Cas. 754 (1876). Here, perhaps, the rule is not qualified to so great an extent; yet it is clear, that a plaintiff may recover, though he did not use due care, if his negligence in nowise caused the accident resulting in his injury. Indeed, the principle stated by Wharton, *supra*, seems to have been adopted in Creed *v.* Pennsylvania Railroad Co., 5 Norris 139, where GORDON, J., said, "The test for contributory negligence is found in the affirmative of the question, does that negligence contribute in any degree to the production of the injury complained of? If it does, there can be no recovery; if it does not, it is not to be considered." The defendant's second point was, that upon the facts as therein stated, the plaintiff was guilty of negligence; and the fourth was, that the platforms of a passenger railway car are for ingress and egress, and it is negligence in a passenger to use them for any other purpose; and if the plaintiff occupied the back platform of the car on which he received his injury, for the purpose of being carried as a passenger, he was guilty of contributory negligence. Such were the instructions prayed, yet the defendant now urges that, "under the testimony, the question whether Mr. Boudrou's position on the rear platform contributed to his injury, was one for the jury." In truth, there was no controversy as to the circumstances of the accident, there was but one way to find the facts, if the jury regarded the testimony; and at the trial, the defendant demanded that the court should say there was concurrent negligence, if certain facts were found. The learned judge, taking a different and correct view, very properly charged that the plaintiff could not recover if the injury resulted from any negligence on his part; that if the jury should find that the plaintiff was negligent in standing on the rear platform, and yet find that the collision could not have happened but for the negligence of the driver of car 14, plaintiff's negligence was remote and not a bar to his recovery. His reasons given, as leading to that conclusion, are unanswerable. The large number of passengers in this city, who voluntarily stand on the platforms, because there is neither sitting nor standing room in the cars, do not, and ought not, anticipate that they will be run over by following cars. Their position has no tendency to induce the driving of

[Passenger Railway Co. v. Boudrou.]

one car into another.  Whatever the degree of their negligence in riding on the platform, and the risks they take in so doing, every one knows that so long as he remains there, he is in no danger of being run down by a car, unless from its heedless handling. · When the plaintiff was struck, his post was a condition, but not a cause of his injury.  It neither lessened the speed of the car he was on nor increased that of the other; his presence was not a cause of the broken chain and reckless driving of car 14; his place was an incident of an overcrowded car, whose conductor had left the platform to give him standing-room, and had not pointed him to a seat or requested him to enter the car.  We are not persuaded that different minds could honestly draw different conclusions from the facts, but on the contrary are convinced, the court was right in refusing the second and fourth points, and in the instructions set out in the sixth assignment.

As a general rule it cannot be doubted the question of negligence is one of fact, and not of law; and the case must be very clear which will justify the court in refusing its submission to the jury: Detroit & Michigan Railroad v. Steenberg, 17 Mich. 99; Mayo v. Boston & Maine Railroad, 104 Mass. 137.  But it has been repeatedly held that certain facts, when established, amount to negligence *per se;* Hoag v. Lake Shore & M. S. Railroad Co., 4 Norris 293.   And when the evidence is insufficient to warrant a finding of negligence, it is the duty of the court to order a nonsuit, or refuse to submit the question, as the case may require.  And nonsuit will be ordered if the plaintiff's testimony clearly shows his contributory fault.  In some cases negligence is an inference of law from the facts proved: Empire Transportation Co. v. Wamsutta Oil Co., 13 P. F. Smith 14; in others, there may not be evidence of the defendant's negligence, and if that be proved, it may be clear that there is no testimony of the plaintiff's concurrent negligence.  It is error to submit a question to the jury of which there is no evidence: Jones v. Wood, 4 Harris 25; Evans v. Mengel, 6 Watts 72; 1 Barr 68.

But one point remains that calls for remark.  In Central Railroad of N. J. v. Cook, 1 W. N. C. 319, it was held that a plaintiff can recover the amount of his loss or damage, that he pecuniarily suffered or sustained from personal injuries by reason of the defendant's negligence, notwithstanding the Act of April 4th 1868, Pamph. L. 58. ·This case was then pending on error assigned to the ruling of the court below, that the Act of 1868 limited the plaintiff's recovery to a sum not exceeding $3000, and because of that decision, which was to the very point, it was reversed by agreement of the parties.  The argument ·on part of defendant was ingenious, but we are not convinced that Railroad v. Cook should be overruled.  Its authority is in conservation of the reserved right to every man, that for an injury done him in his per-

11 NORRIS—31

[Passenger Railway Co. *v.* Boudrou.]

son, he shall have remedy by due course of law. The people have withheld power from the legislature and the courts to deprive them of that remedy, or to circumscribe it so that a jury can only give a pitiful fraction of the damage sustained. Nothing less than the full amount of pecuniary damage which a man suffers from an injury to him in his lands, goods or person, fills the measure secured to him in the Declaration of Rights. As well might it be attempted to defeat the whole remedy as a part; and with equal propriety could it be declared, that in all actions against persons using a railroad as a public highway, for damages from injuries to property, the sum recovered shall not exceed $3000, as for injuries to the plaintiff's person. A limitation of recovery to a sum less than the actual damage, is palpably in conflict with the right to remedy by the due course of law.

Judgment affirmed.

Chief Justice SHARSWOOD dissented and Justice PAXSON filed a dissenting opinion.