Mary Sharrer v. Edward M. Paxson, Joseph F. Harris and John Lowber Welsh, Receivers of the Philadelphia & Reading Railroad Company, Appellants.

*Negligence—Railroads—Contributory negligence—Passengers.*

A passenger attempting to board a moving train takes the risk of any injuries which may result to him by reason of such an attempt, whether the company is guilty of any negligence or not, but when the injury is wholly the result of a willful or negligent act of an employee of the company, and the attempt to board the train does not contribute to the injury, the company is liable.

Where a passenger has jumped upon a moving train, and after securing a standing on the step of the car, with a firm hold of each side rail, is pushed from the step by the brakeman and is killed, his wife is entitled to recover damages for his death from the railroad company.

Argued March 22, 1895. Appeal, No. 297, Jan. T., 1895, by defendants, from judgment of C. P. Lycoming Co., Dec. T., 1893, No. 88, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Trespass for the death of plaintiff's husband. Before METZGER, P. J.

At the trial it appeared that on the 1st day of July, 1893, Ellet Sharrer, the husband of the plaintiff, came from Montoursville to Williamsport on the train upon the Philadelphia and Reading Railroad which reached Williamsport sometime after 12 o'clock, noon on said day, where Sharrer alighted from the train after its arrival. When the train started, and after it had got under some considerable headway, he was seen to run from some point near the upper or western end of the station toward the train. He attempted to get on the train and fell, or was thrown down and rolled between the station platform and the train, and his legs getting across the rails, the last truck of the

rear car of the train passed over them.   Some seven or eight hours later he died from the effects of his injuries.   This action was brought by his widow for the recovery of damages caused by his death, alleging that the accident was the result of negligence of the defendants or their employees.

The controversy was whether, as plaintiff alleged, deceased succeeded in getting upon the steps of the platform, with the rails on either side of the steps firmly grasped in his hands, and was then seized by the brakeman on the train, and pushed off, or whether, as defendants alleged, in attempting to board the train he fell down and under the car.

R. C. English, a witness for plaintiff, testified that he saw Sharrer run out and jump on the train while it was in motion; that he grabbed both rails, and that he was on either the first or second step with his feet when the brakeman caught him by the hands and broke them loose from their hold on the rails, and pushed him back, when the hind wheels of the car went over him.   English testified that he was 50 or 60 feet from Sharrer when he fell; that he plainly saw that the man who pushed him off wore a white cap and was in the uniform used by the employees of the railroad company.

Ellis Sheffer was called by the plaintiff and testified that Sharrer was on the first step of the rear car, with both hands hold of the railing, that the train was moving, when all at once he saw him fall out off the platform, and his heels caught on the steps as he was going out, that that swung him around so that he struck pretty near straight with the platform and the train of cars.   Witness said, " He fell just the same as though a man was pushed off, because if a man was going to jump off, as a rule, his feet would start out the same time he did, but here his feet were the last thing.   He fell clear out on the platform before his feet left the step."

These witnesses were contradicted by witnesses called for defendants.

Carl Tewell, a witness for plaintiff, testified to certain declarations made by the deceased before his death, to the effect that the conductor had pushed him off.

By Mr. Reading: I ask to have the declaration of Ellet Sharrer, as testified to by this witness, stricken from the evidence.   He had been picked up and was being carried to the

station house of the defendants when this witness reached him, and it was subsequent to that time that the declaration testified to was made.

The court did not answer this request at the time that it was made, but on the following day, after the case was closed on both sides, and before counsel addressed the jury, the court ordered the said declarations stricken from the evidence. [3]

The court charged in part as follows :

[If you find the facts to be as testified to on° the part of the defendants' witnesses here, who stated substantially that they saw this man running towards this train, and attempting to get on it while it was moving, and that they saw him have hold of the railing with but one hand, and that his feet were not planted upon the step, then your verdict would have to be for the defendants ; but, on the other hand, if you should find that this man, although he did originally attempt to get on the train while it was in motion, yet if you find that he had succeeded in boarding the train, or getting on the steps of the train, and had secured a firm hold of the railing with both his hands, as stated by one of the witnesses on the part of the plaintiff, and should further find that his attempting to get on the train did not contribute in any degree to the injury that he received, but that it was wholly owing to the fact that his hands were loosened by an employee of the defendants and that he was pushed off, then your verdict must be for the plaintiff.] [13]

Verdict and judgment for plaintiff, $3,224. Defendants appealed.

*Errors assigned* among others were, (3) in not striking out the whole of the testimony of Carl Tewell immediately upon the close of his testimony ; (13) above instructions, quoting them.

*John G. Reading, Jr.,* for appellants.—The deceased was guilty of contributory negligence : Haley v. Keim, 151 Pa. 117 ; C. & A. R. R. v. Hoosey, 99 Pa. 492 ; Hickey v. Boston & Lowell R. R., 14 Allen, 429 ; Penna. R. R. v. Langdon, 92 Pa. 21 ; Blue v. Penna. R. R., 1 Mona. 757 ; Myers v. B. & O. R. R., 150 Pa. 386.

*Seth T. McCormick, J. C. Hill* and *Henry C. McCormick* with him, for appellee.—As the negligence of the deceased did not

contribute to the accident, it does not prevent a recovery in this case: Wood on Railroads, Minor's ed. vol. 2, sec. 319, Fairbanks v. Kerr, 70 Pa. 86; Beach on Contributory Negligence, 25; Kerwhacker v. R. R., 62 Am. Dec. 246; B. & O. R. R. Co. v. Kean, 28 Am. & Eng. R. R., 580; Glasden & Atlanta Union Ry. Co. v. Causler, 97 Ala. 235; R. R. v. Zink, 126 Pa. 288; Kohler v. R. R., 135 Pa. 346.

OPINION BY MR. JUSTICE McCOLLUM, October 7, 1895:

The jury found that the plaintiff's husband was standing upon the step of the car with a firm hold on each side rail, and that while in this position the company's servant broke his hold on the rails and pushed him from the step, and that in consequence of this action of the servant he received the injury which resulted in his death. The evidence was sufficient to warrant the finding, and the instructions in regard to it were clear and impartial. The testimony of R. C. English was direct and positive and it was corroborated by the testimony of Ellis Shaffer. True, it was contradicted by a number of witnesses called by the company, but if the facts involved in the finding were material they were for the jury upon the whole testimony in relation to the occurrence. It is contended however that, inasmuch as the deceased reached the position from which he was pushed while the train was moving, his own negligence contributed to his death and is a bar to this action. The attempt to board a moving train is undoubtedly a negligent and hazardous act, but if it is successful and the negligent party gets safely upon the car it will not justify or excuse the subsequent negligence of the company or its servants, by which he is injured. The rights of Sharrer in the position from which he was thrown were the same as if he had taken it before the train started, or as the rights of a passenger who while the train is moving leaves his seat in the body of the car and stands on the platform of it. He was on the car when the negligence of the company intervened and hurled him from it. His presence there was not the proximate cause of his death. The peril involved in getting there was passed, and the negligence or misconduct of which he was the victim was not included in the risks to which his position exposed him: Passenger Railway Co. v. Boudrou, 92 Pa. 475. If he had been thrown from the

car by an ordinary jolt of it, as was the plaintiff in Railroad Co. v. Hoosey, 99 Pa. 492, he might have been considered as having voluntarily exposed himself to or assumed a risk incident to his position and thereby caused or contributed to the injury he received. But he had no reason to anticipate the act which caused his death, and to push him from the step under the circumstances established by the verdict was as great an outrage as to push from the platform while the train is moving any passenger who may be found standing upon it. The negligence of the deceased in attempting to get on the moving car cannot relieve the company from responsibility for the consequences of the negligent act committed by its employee after the former accomplished his purpose. He was lawfully upon the steps of the car and entitled to the rights of a passenger in it. This sufficiently appeared by the ticket in his possession. The risk he ran in getting there was no abridgment of his right to pass from the step to the platform and thence to a seat in the car.

The company's principal contention is that under all the evidence in the case the court should have directed the jury to find for the defendants, and we are clearly of opinion that it cannot be sustained. We discover no error in the instructions or in the ruling complained of in the fourth specification. If there was error in the admission of the declaration of the deceased it was cured by the withdrawal of the evidence in relation to it, and the instruction to the jury to disregard it.

The specifications are overruled.

Judgment affirmed.