# Haynes, Appellant, *v.* Penfield.

*Negligence—Master and servant—Contributory negligence—Disobedience of orders—Improper use of machine.*

1. One who recklessly encounters a known danger, and thereby directly contributes to his injury, cannot escape the effect of this negligence because the unknown negligence of the defendant, which concurred to produce the injury, made the danger greater than he supposed it was.

2. In an action by a woman to recover damages for injuries to her hand, a nonsuit is properly entered where it appears that after the plaintiff had been instructed repeatedly not to place towels between the rolls from the back of the mangle at which she worked, and had been warned of the danger in so doing, in attempting to place a towel between the rolls in disobedience of the instructions, her fingers were caught and injured as far as the first joints before the mangle was stopped; that a few seconds afterwards, and while her fingers were between the rolls, the mangle again started and her hand was drawn still further in and severely injured; that the mangle was stopped by shifting the belt; and there is testimony that the device for stopping the mangle was defective in such a way that the machine would start again unless pressure upon the treadle which shifted the belt was continued, of which defect the defendant had notice.

3. In such a case the relation of the plaintiff's negligence to her injury, as the proximate cause thereof, was not changed by any intervening act of the defendant, whose antecedent negligence was at most but a remote cause which increased the severity of the injury.

4. An employer is under no duty to guard against the improper use of a machine.

Argued Feb. 15, 1911. Appeal, No. 20, Jan. T., 1911, by plaintiff, from order of C. P. Lycoming Co., Dec. T., 1909, No. 16, refusing to take off nonsuit in case of W. R. Haynes and Mary Ellen Haynes v. Anne M. Weightman Walker Penfield. Before FELL, C. J., BROWN, MESTREZAT, ELKIN, and MOSCHZISKER, JJ. Affirmed.

Trespass for personal injuries. Before HART, P. J.
The facts appear in the opinion of the Supreme Court.

*Error assigned* was in refusing to take off nonsuit.

*Max L. Mitchell*, for appellant, cited: Thirteenth & Fifteenth Pass. Ry. Co. v. Boudrou, 92 Pa. 475; Sharrer v. Paxson, 171 Pa. 26; Berry v. Sugar Notch Borough, 191 Pa. 345; Northern Cent. Ry. Co. v. State, 29 Md. 420; Davies v. Mann, 10 M. & W. 546; Cleveland, C. C. & St. L. Ry. Co. v. Klee, 154 Ind. 430 (56 N. E. Repr. 234); Weitzman v. Ry. Co., 33 N. Y. App. Div. 585 (53 N. Y. Supp. 905); Bogan v. R. R. Co., 129 N. C. 154 (39 S. E. Repr. 808).

*Edgar Munson*, of *Candor & Munson*, for appellee, cited: Creed v. Penna. R. R. Co., 86 Pa. 139; Heil v. Glanding, 42 Pa. 493.

OPINION BY MR. CHIEF JUSTICE FELL, April 10, 1911:

This appeal is from a refusal to take off a compulsory nonsuit. A woman fifty-four years of age was engaged in ironing towels in the laundry of a hotel. Her duty was to stand at the back of a mangle and to remove towels that had passed between the rolls. She had been instructed repeatedly that if a towel was imperfectly ironed, and it was necessary to pass it between the rolls a second time, to hand it to the woman at the front of the mangle and not to place it between the rolls from the back where she stood, and she had been warned and had heard others warned of the danger in so doing. She disobeyed the instruction and placed a towel between the rolls by reaching over the top of the mangle. Her fingers were caught and injured as far as the first joints before the mangle was stopped. A few seconds after it had been stopped and while her fingers were between the rolls, the mangle again started, and her hand was drawn further in and more severely injured. The mangle was stopped by shifting the belt from a fixed to a loose pulley by means of a treadle. There was testimony tending to show that because the line and countershafts were not in exact alignment the belt would slip back on the fixed pulley and start the mangle unless pressure on the treadle was continued for a short time after the belt had

been shifted, and that of this defect in the appliance the defendant had notice.

It is conceded that the plaintiff was negligent in putting her hand in a place of danger of which she knew and that there could be no recovery for the injury to the ends of her fingers, but it is argued that for the additional injury, caused by the starting of the mangle, she was entitled to recover. This contention cannot be sustained. The proximate cause of the accident was the plaintiff's negligence in putting her hand near the rolls at the back of the machine. If the whole of the injury to her hand had been done before the mangle was stopped or if there had been a delay in stopping it because of a defective appliance, her contributory negligence would have prevented a recovery. "One who recklessly encounters a known danger, and thereby directly contributes to his injury, cannot escape the effect of this negligence because the unknown negligence of the defendant, which concurred to produce the injury, made the danger greater than he supposed it to be:" Thompson on Neg. (White's Supp.), sec. 186. The relation of the plaintiff's negligence to her injury, as the proximate cause thereof, was not changed by any intervening act of the defendant. The antecedent negligence of the defendant was at most but a remote cause which increased the severity of the injury. The case therefore does not come within the exception to the general rule that any negligence of a plaintiff that contributes directly and proximately to bringing about the injury bars a recovery, that is recognized when notwithstanding the plaintiff's negligence in getting into danger, he is injured by the subsequent negligence of the defendant, who after discovering the danger could have avoided the injury by the exercise of ordinary care. Nor is it the case of an employee who having assumed the risk of a business, is exposed by the negligence of the employer to dangers of which he had no knowledge. The plaintiff deliberately violated her instructions and exposed herself to a danger against which she had been warned. The defect in the appliance for stopping the machine exposed no

one to danger in the proper use of the mangle, and against its improper use the defendant was under no duty to guard. The cases of Thirteenth & Fifteenth St. Railway Co. v. Boudrou, 92 Pa. 475; Sharrer v. Paxson, 171 Pa. 26; Berry v. Borough of Sugar Notch, 191 Pa. 345, and Northern Cent. Railway Co. v. State, 29 Md. 420, relied on by the appellant are without application.

The judgment is affirmed.