## Middleton, Appellant, *v.* Glenn.

Argued June 2, 1958. Before JONES, C. J., MUS-
MANNO, ARNOLD, JONES and COHEN, JJ.

*Norman Shigon,* for appellants.

*Perry S. Bechtle,* with him *David E. Abrahamsen,*
for appellee.

OPINION BY MR. JUSTICE ARNOLD, June 30, 1958:

This action of trespass concerned injuries to the
minor plaintiff while he was riding a bicycle toward the
East River Drive down Strawberry Mansion hill in
Fairmount Park, Philadelphia. Strawberry Mansion
hill has a steep grade running in the direction of East
River Drive and curves to its right some distance above
the Drive. The testimony of the plaintiffs was that
defendant crossed the white line which bisected the
Strawberry Mansion hill, and struck the minor plain-
tiff when he was on the right hand side of the road.

The defendant's testimony was that she was on her own side of the road and never crossed the white line, and that the minor plaintiff was on the wrong side of the road when he collided with her car. She swerved but was unable to avoid the accident.

The case was submitted to the jury, which had to reconcile the divergent testimony of the plaintiffs and the defendant. It resolved this question with a verdict for the defendant, thus absolving the defendant from all liability. Upon this verdict judgment was entered in the court below. The plaintiffs appealed to this Court, alleging certain trial errors, and asked for a new trial.

The appellants' first proposition is that the court erred in permitting the reading of hospital records concerning the minor plaintiff's alleged physical condition. This could only be pertinent as to the amount of damages, and since the defendant was absolved from liability, it is not necessary for this Court to pass upon the assignment: *Nyce v. Muffley,* 384 Pa. 107, 110, 119 A. 2d 530.

The second question raised by the plaintiffs was that the court declined to charge that the defendant was bound by the incontrovertible physical facts rule. The difficulty with this contention is that there is no basis for the application of such rule. This point apparently refers to the testimony of witnesses who preceded the defendant in ascending Strawberry Mansion hill. They testified that as they drove around the curve they saw the minor plaintiff on his bicycle; that he narrowly missed striking their car; and that through the rear vision mirror they saw him collide with the defendant's car. There was no occasion here for the application of the incontrovertible physical facts doctrine. The testimony of these witnesses, and its credibility, were for the jury, and were properly left to it.

The third point of the appellants is the refusal of the court to charge in effect that plaintiffs could be barred from recovery only if the minor plaintiff's contributory negligence was the proximate cause of the accident. This is not the law of Pennsylvania. See Crane v. Neal, 389 Pa. 329, 332, 132 A. 2d 675, where it is stated that the court should not confuse or equate contributory negligence with proximate cause; and that the plaintiff cannot recover if his negligence, however slight, contributed to the injury. The court's charge in this respect was slightly more favorable to the plaintiffs than the law requires.

The plaintiffs next complain of the refusal of the court to charge that "if [the jury believes] [the] evidence is in 'even balance' [it] may give special consideration to a presumption in making determination." We are at a loss to know what this means; and the court was quite right in declining so to charge. The only presumption involved in the present case is the rebuttable presumption that a child of the age of the minor plaintiff could not be contributorily negligent. The jury was charged that the defendant had the burden of overcoming the presumption by affirmative proof of the child's experience and intelligence. The point submitted bore no relation to the testimony in the record, and was properly declined.

Lastly, the plaintiffs assign as error the affirmance of two requests for charge by the defendant which were as follows: (1) "An operator of a car is not required to pull off the road to avoid an oncoming vehicle which is on the wrong side of the road when suddenly confronted with an emergency. . ." (2) "An operator of an automobile need not anticipate that another vehicle will be suddenly diverted in its course over to its left or wrong side of the highway, and the failure to anticipate such unexpected conduct is not negligence." The complaint of the appellants is that the defendant was

aware that there were children in the vicinity riding bicycles down the hill, and therefore that the defendant had a heavy duty of care. But the court charged: "Where children are involved and the driver of the vehicle knows or should know that they are present, then he is under a duty to exercise a higher degree of care than under ordinary circumstances." It may also be pointed out that the court charged the jury on a point submitted by the plaintiffs as follows: "An automobile driver who sees a child in a place of danger or who has reasonable grounds to apprehend that the child may come into the path of the automobile which he is driving is under a duty to exercise a higher degree of care than under ordinary circumstances and such a reasonable degree of care as the circumstances require."

The trial was free of error and the judgment is affirmed.

-------

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

I regret to see the Majority Opinion state that a "plaintiff cannot recover if his negligence, however slight, contributed to the injury."

The law progresses slowly enough but with the statement just quoted it not only does not progress at all but in fact retrogresses at least 17 years. It is an inhumane rule which says that a person injured through the proved negligence of another may not recover if he "slightly contributed" to the accident which caused his injury. Suppose A, who is a passenger in B's automobile, rests his hand on an open window with a finger or two projecting over the sill. C, who is driving his car in another lane of travel, crosses over and sideswipes B's car in such a manner as to crush A's fingers on the window sill. It is true that if A did not have his fingers outside the car, they would not have been crushed, but it offends against reason and an elementary

sense of justice to say that so mild and universal a departure from strict rules of safety should deprive the injured person of recovery on the basis that he contributed to the accident. Yet, under the rule pronounced by this Court today, A would not be allowed to recover.

I say that this announcement takes us back 17 years, that is, prior to the period preceding the decision in the case of *McFadden v. Pennzoil Co.*, 341 Pa. 433, 436, when Justice PATTERSON announced the humane and just rule that: "In order to defeat recovery of damages for injuries arising from the negligence of another, the injured person's negligence must have been a juridical cause of the injury."

What is a juridical cause of injury? The phrase was well defined and illustrated in 1880 in *Passenger Railway v. Boudrou*, 92 Pa. 475, 479, when Justice TRUNKEY quoted from Wharton on Negligence, as follows: " 'In order to defeat recovery of damages arising from the defendant's negligence, the plaintiff's negligence must have been the proximate and not the remote cause of the injury; in other words, must be its *juridical cause,* and not merely one of its conditions.' " Also: " 'The negligence, to make it a *juridical cause,* must be such, that by the usual course of events it would result, unless independent moral agencies intervene, in the particular injury. . . . In other words, to put the same doctrine into the language made familiar to us by the adoption of the terms "proximate" and "remote," my "remote" negligence will not protect a person who, by "proximate" negligence does me an injury.' "[1]

In the *Boudrou* case the plaintiff was standing on the rear plaform of a street car when he was struck by the "pole" (presumably trolley pole) of another car.

---

[1] Italics throughout, mine.

The plaintiff recovered a verdict and the railway company appealed. Defendant's counsel argued for a reversal of the verdict because the plaintiff's injury was caused "directly in consequence of his being on the back platform." But this Court affirmed the verdict and said that it was clear "that a plaintiff may recover, *though he did not use due care, if his negligence in nowise caused the accident resulting in his injury.*"

Justice TRUNKEY said further that the Trial Judge was correct in charging that "if the jury should find that the plaintiff was negligent in standing on the rear platform, and yet find that the collision could not have happened but for the negligence of the driver of car 14, *plaintiff's negligence was remote and not a bar to his recovery.*"

All this in 1880—not 1958.

I see another ominous layer of darkness in the lowering cloud of the Majority's announcement that contributory negligence, "however slight", will bar recovery. Will this cloud blot out the little ray of light which Chief Justice STERN introduced into the Pennsylvania contributory negligence rule in the case of *Kasanovich v. George,* 348 Pa. 199? I hope not.

When the strict application of a certain rule of law effects a palpable injustice, it is not unusual for the observer to observe caustically that the rule is antiquated and fails to meet modern conditions. However, here we have a situation where, so far as this particular type of action is concerned, justice seems to have been better served three-fourths of a century ago. I find it rather strange to be arguing for an ancient rule as against a current one, but the doctrine asserted today on the subject of contributory negligence can only cause lovers of a realistic application of law to sigh and long for the good old days of Eighteen Hundred and Eighty?