Norman BLACKSTONE, Plaintiff,
v.
Aloysius OSCHE, Defendant.
Civ. A. No. 16646.

United States District Court
W. D. Pennsylvania.
March 22, 1961.

5. The foregoing figures were supplied by the Administrative Office of the United States Courts.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

George Weis, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is a diversity action to recover damages for personal injuries arising out of a motor vehicle collision on a three-lane highway.

Upon jury trial, verdict was rendered in favor of defendant, Aloysius Osche.

Plaintiff has filed timely motion for new trial in which it is contended:

1. The court erred in submitting to the jury the issue of contributory negligence.

2. The court permitted the introduction of evidence which was scandalous and defamatory, having no relationship to any issue in the trial.

3. The court erred in instructing the jury on the inference to be drawn by the failure of the party to produce a witness.

The evidence established that both vehicles were proceeding in opposite directions in the center lane of a three-lane highway. When the respective parties gained sight of each other, plaintiff claimed he attempted to drop back behind a slow moving truck, but that defendant struck plaintiff's vehicle before he could pull it completely off the middle lane. Defendant contended that he was engaged in passing several vehicles while moving in the center lane at a reasonable rate of speed and that the two vehicles were in the center lane at impact.

I.

The plaintiff asserts that the court erred in presenting to the jury the usual instruction on contributory negligence when, during the jury deliberation, they submitted formal inquiry to the court as to what action they should take in the event they found both parties guilty of contributory negligence.[1]

The choice of conflicting versions of the way the accident happened, the decision as to which witness is telling the truth and the inferences to be drawn from the uncontroverted facts and the controverted facts are questions for the jury. If there is a reasonable basis for concluding that negligence of the defendant was not the cause of plaintiff's injury, it would be an invasion of the jury's function for the court to draw contrary inferences or to conclude that a different conclusion would be more reasonable. Thomas v. Conemaugh & Black Lick Railroad Co., 3 Cir., 234 F.2d 429.

Upon careful scrutiny and evaluation of all testimony, I am satisfied that such inferences are deducible from the weight of the credible evidence to support the conclusion that plaintiff's own contributory negligence was a substantial factor, or at best, contributed to a degree, however slight, in bringing about the accident. Middleton v. Glenn, 393 Pa. 360, 143 A.2d 14. I have frequently stated that such testimony cannot be summarily expunged, whether the jury weighs it in favor of plaintiff or defendant, in order to substitute the personal opinion of the court.

1. The jury presented the following written inquiry:

"What is the proper phraseology to employ when both parties have been found guilty of contributory negligence?"

It is my judgment that the verdict rendered was not against the evidence or the weight of all the credible evidence.

## II.

During the presentation of plaintiff's case, his attending physician read from his hospital record the entry that plaintiff was "depressed mentally" three days after the accident. In rebuttal thereto, defendant called the plaintiff's former wife who testified that she visited her husband a few days after the accident and found him embracing a young woman in a compromising position.

The testimony is clearly relevant to elucidate upon and give explanation to the hospital entry, since a jury could well have concluded that being caught in the compromising position by his wife was an explanation for the plaintiff's depressed mentality, rather than the injuries which plaintiff sustained.

## III.

Plaintiff advances the novel proposition that the inference which a jury may draw from the failure of a party to call a witness, does not have application to a medical witness. The law is clearly to the contrary, Ferne v. Chadderton, 363 Pa. 191, at page 198, 69 A.2d 104, at page 108.

In the exercise of my judicial discretion, upon reexamination and detailed review of the record, viewing the verdict in the overall setting of the trial and considering the character of the evidence and the legal principles which the jury was bound to apply to the facts, it is incumbent upon me to abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result. Lind v. Schenley Industries, Inc., 3 Cir., 278 F.2d 79. Substantial evidence exists in the record to support the verdict of the jury.

Motion for New Trial will be refused.

An appropriate Order is entered.