Olive Gertrude KLINE and Elmer P. Kline, her husband, Plaintiffs,

v.

S. M. FLICKINGER, INC., a New York corporation, and Super-Duper, Inc., a New York Corporation, a subsidiary of the S. M. Flickinger Company, Inc., and Louis Greco, Original Defendants,

and

Louis GRECO, individually and d/b/a "Red and White Grocery", Third-Party Defendant.

Civ. A. No. 18236.

United States District Court
W. D. Pennsylvania.

Feb. 5, 1962.

Beck, McGinnis & Jarvis, Pittsburgh, Pa., for plaintiff, Olive Gertrude Kline, et vir.

V. C. Short, Pittsburgh, Pa., for defendant, S. M. Flickinger Co., Inc. and Super-Duper, Inc.

Weis & Weis, Pittsburgh, Pa., for third party defendant, Louis Greco, indiv. and t/d/b/a "Red and White Grocery".

GOURLEY, Chief Judge.

This is a diversity suit for personal injuries stemming from an accident when the wife plaintiff fell at the entrance while leaving a grocery store operated by Louis Greco, third-party defendant, and allegedly in possession and control of the other corporate defendants.

Upon jury trial, a verdict was returned in favor of all defendants.

The sole matter before the Court is plaintiff's Motion for New Trial based upon the following reasons:

1. The Court erred in striking the testimony of plaintiff's witness, John Douglas, as it pertained to the design of the proximity of the sill to the edge of the step.

2. The verdict was against the weight of the evidence.

Plaintiff contended that the original defendants designed and constructed the market and were responsible for its inspection, supervision and operation, and that Louis Greco, third-party defendant, served in a master-servant relationship, or in the alternative engaged in a joint enterprise.

The wife plaintiff's case was tried on the theory that the aluminum door sill had a void or space beneath it which allowed the sill to depress when stepped upon, leaving a screw protruding above the sill, causing her right foot to become caught, catapulting her to the ground and resulting in most serious injuries.

## STRIKING TESTIMONY AS IT PERTAINED TO DESIGN OF THE PROXIMITY OF THE SILL TO THE EDGE OF THE STEP

■ Plaintiff counsel, at time of pretrial conference, had taken the position both in his pretrial narrative statement, filed with the Court, as well as in his own oral expressions that the shoe of the wife plaintiff's right foot caught on a protruding screw on the threshold of the door, reiterating that a space existed beneath the sill causing it to go downward under the weight of a person's body and leaving the screw protruding. In addition, plaintiff's counsel, in his opening address to the jury, repeated this thesis.

In the midst of trial, plaintiff counsel, through his witness, John Douglas, sought to interject a new thesis of negligence of which neither the Court nor defense, at pretrial or any other time, had been apprised either directly or by inference. Plaintiff sought to establish that the existing construction was of faulty design in that a step was situated in close proximity to the threshold, being in violation of common practice.

To fairly meet such testimony, after the trial had proceeded into its third day, defendants would have to have been afforded opportunity to locate and secure testimony of expert witnesses on store door design and the common practice of such construction.

Recognizing that such testimony was in complete contradiction with the pretrial statement and as such could have been barred forthwith, the Court, nevertheless, permitted plaintiff's counsel the alternative of allowing testimony as to defective door design to remain in the record and granting a continuance to afford defendants an opportunity to meet such evidence or to agree to have said testimony stricken and continue with the trial. Counsel for the plaintiffs chose the latter whereupon the Court ordered the testimony expunged.

I can not concede that an application of elementary pretrial procedure liberally applied so as to prevent surprise upon any litigant prejudiced the interest of any party to this proceeding so as to justify the granting of a new trial.

## WEIGHT OF THE EVIDENCE

A sharp conflict was presented by the evidence in which plaintiffs sought to establish a void or space under the door sill, while defendants submitted testimony as to the absence of any defect or dangerous condition in the sill.

In addition, evidence was adduced to show that wife plaintiff was rushing out of the market which brought the contributory negligence of the plaintiff very much into consideration.

■ The choice of conflicting versions of the way the accident happened, the decision as to which witness is telling the truth and the inferences to be drawn from the uncontroverted facts and the controverted facts are questions for the jury. If there is a reasonable basis for concluding that negligence of the defendant was not the cause of the wife plaintiff's injury, or that her own negligence contributed thereto, however slight, it would be an invasion of the jury's function for the Court to draw contrary inferences or to conclude that a different conclusion would be more reasonable. Thomas v. Conemaugh and Black Lick Railroad Company, 234 F.2d 429, 3rd Cir.

■ Upon careful scrutiny of all the evidence, oral and documentary, even if the jury resolved the highly controversial issue of supervision and control in favor of the plaintiffs, I am satisfied that such inferences are deducible from the weight of the credible evidence to support the conclusion that defendants were not negligent as to the condition of the sill and/or that the wife plaintiff's own contributory negligence was a substantial factor, or at best contributed to a degree, however

slight, in bringing about the accident. Middleton, appellant, v. Glenn, 393 Pa. 360, 143 A.2d 14.

I have frequently stated that such evidence can not be summarily expunged, whether the jury weighs it in favor of plaintiff or defendant, in order to substitute the personal opinion of the Court.

It is my judgment that the verdict rendered was not against the evidence or the weight of all the credible evidence.

An appropriate order is entered.