# Garrett *v.* Beaver Valley Traction Company, Appellant.

*Negligence—Street railways—Contributory negligence—Case for jury—Collision between engine and street car at a public crossing.*

In an action against an electric railway company to recover damages for personal injuries sustained by a collision between a street car of the defendant and a locomotive engine, it appeared that the plaintiff landed from the street car after it had stopped at a waiting room 200 feet from the crossing. He saw the engine backing a train of freight cars slowly over the crossing from east to west. He ran on the east side of the public road and reached the railroad track as the engine was passing. He placed his right foot on the step, caught the hand hold, and as he placed his left foot to the floor, he was struck by the defendant's car from which he had alighted. He at no time stepped on the track of the defendant company. There was ample evidence of the negligence of the motorman in allowing his car to collide with the engine. *Held*, that as the plaintiff did not step on defendant's track, but was carried there while on the engine, and as he had safely passed the peril of getting on a moving engine, there was no causal connection between his negligence in getting on the moving engine and his injury, and the case was for the jury.

*Negligence—Damages—Length of life—Charge of court.*

Where in a negligence case the jury is distinctly told that they could allow only the present worth of plaintiff's earning power "from the time he reached twenty-one years for and during the remainder of his probable natural life," a judgment for the plaintiff will not be reversed because the court referred in a cautionary way, in view of argument ad-

vanced by plaintiff's counsel, to the jury taking "into consideration the probability of the young man living to the allotted time of three score years and ten."

Argued Oct. 14, 1908.    Appeal, Nos. 130 and 131, Oct. T., 1908, by defendant, from judgment of C. P. Beaver Co., March T., 1907, No. 274, on verdict for plaintiff in case of Robert Garrett, in his own right, and Perry Garrett, by Robert Garrett, his guardian, in right of said Perry Garrett v. Beaver Valley Traction Company.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before HOLT, P. J.

The facts are stated in the opinion of the Supreme Court.

The court charged in part as follows:

[There is another legal principle which you will consider in determining the question of contributory negligence; he had a right to presume, unless he saw the car coming under circumstances that would indicate to him that there was danger of a collision,—that the street car would make the proper stop before attempting to make the grade crossing, and if the circumstances were not such as to indicate to him that the street car was not going to make the usual stop before reaching such a crossing, he would not be guilty of contributory negligence in boarding the train in the manner and at the place he did. Now this is a fact for you to determine.    You will look at the young man's testimony.    He said that he didn't look for the car as he ran down to board this engine, that he did not know where it was, except that he left it and came down along the track to board the locomotive.] [3]

[As we said to you before, when you come to consider the compensation for loss of earning power, there are many contingencies that naturally enter into the determination of this question.    You will take into consideration the probabilities of this young man improving, looking at the testimony of the physicians, and from your observation of the young man him-

self, and taking into consideration the history of the case from its inception down to the present time, and you will also take into consideration the probabilities of his being able to do other kinds of work than that which he was doing at the date of the accident, when you come to make up your verdict as to the amount of compensation to which he is entitled; and having taken into consideration the probability of the young man living to the allotted time of three score years and ten, and all the circumstances and contingencies that will probably enter into the life of a man, and bringing to bear that good judgment and common sense, which men of business and affairs exercise determine the amount of compensation due to this young man.] [5]

Verdict and judgment for Robert Garrett for $1,500 and for Perry Garrett for $6,000. Defendant appealed.

*Errors assigned* were (3, 5) above instructions, quoting them.

*James L. Hogan,* with him *John M. Buchanan,* for appellant.—Boarding a moving train is negligence per se: Bacon v. R. R. Co., 143 Pa. 14; Thane v. Traction Co., 191 Pa. 249; Fletcher v. R. R. Co., 187 Mass. 463; Chicago, etc., Ry. Co. v. Stewart, 77 Ill. App. 66; Purvis v. R. R. Co., 219 Pa. 195; Ricks v. Ry. Co., 118 Ga. 259 (45 S. E. Repr. 268).

In the instruction contained in the fifth assignment of error the court submitted for the consideration of the jury three score and ten as the expectancy of life. This was error: McKenna v. Gas Co., 198 Pa. 31; Dooner v. Canal Co., 164 Pa. 17.

*William A. McConnell,* for appellee.—The case was for the jury: Pass. Ry. Co. v. Boudrou, 92 Pa. 475; Sharrer v. Paxson, 171 Pa. 26; Gray v. Scott, 66 Pa. 345; Kibele v. Philadelphia, 105 Pa. 41; Davidson v. Traction Co., 4 Pa. Superior Ct. 86.

OPINION BY MR. JUSTICE FELL, January 4, 1909:

The plaintiff was employed as an inspector of air brakes at the yard of the Pennsylvania Company at Conway, on the line of the defendant's street railway. He lived with his parents

near the line of the Ohio River Junction Railroad, whose track crossed that of the defendant at grade at Crow's Run. This railroad is seven miles in length and is used mainly to transfer freight cars to and from factories to the tracks of another road. It has no passenger cars, stations or regular stopping places, but its trains are stopped or slowed to enable passengers to get on or off at any point on the road. Passengers ride in the cab of the engine or on the tender, and get on and off at a step at the back of the engine. The plaintiff in going to and returning from his work used both roads, changing from one to the other at Crow's Run.

On the evening when he was injured, he came from Conway to Crow's Run on the defendant's car and got off at the rear platform after the car had stopped at a waiting room 200 feet from the crossing. He saw an engine backing a train of freight cars slowly over the crossing from east to west. He ran on the east side of the public road and reached the railroad track as the engine was passing. He placed his right foot on the step, caught the hand hold, and as he placed his left foot on the floor of the cab or was in the act of raising it to the floor, he was struck by the defendant's car from which he had alighted. He at no time stepped on the track of the defendant company.

There was ample evidence of the negligence of the motorman in allowing his car to collide with the engine. The question to be considered is whether the case should have been withdrawn from the jury on the ground of the plaintiff's contributory negligence. On the facts, the turning point of the case in the plaintiff's favor is that he did not step on the defendant's track. He was carried there while on the engine. He had safely passed the peril of getting on a moving engine and his negligence in that regard was not the cause of his injury, although a circumstance that made it possible. But against such a possibility he was under no duty to guard because he had no reason to apprehend danger from the defendant's car when on the engine. There was no causal connection between his negligence and his injury. The case is governed by the principles stated in Boulfrois v. Traction Co., 210 Pa. 263, and Besecker v. Railroad Co., 220 Pa. 507.

A part of the charge relating to the compensation for the loss of earning power is assigned for error. The learned judge in calling the attention of the jury to matters to be taken into consideration in arriving at a conclusion on the amount of compensation spoke of the probability of the plaintiff's improving, of his being able to perform other kinds of work, and of his "living out the allotted time of three score years and ten." The general instruction on the subject was accurate and thorough, and the jury were distinctly told that they could allow only the present worth of earning power "from the time he reached twenty-one years for and during the remainder of his probable natural life." The language quoted was no doubt suggested by the argument of plaintiff's counsel that seventy years was the proper period to fix. There was not, as in Dooner v. Canal Co., 164 Pa. 17, the statement of a rule not founded on evidence to be followed by the jury, but rather a caution, in view of the argument advanced, to consider the probabilities.

The judgment is affirmed.