McFadden *v.* Pennzoil Company, Appellant.

Argued March 26, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*Charles F. Patterson,* of *Patterson & Sherrard,* with him *Edmond C. Breene* and *A. B. Jobson,* of *Breene & Jobson,* for appellant.

*G. G. Martin,* with him *D. J. Skelly* and *S. N. Mogilowitz,* of *Skelly & Mogilowitz,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, April 16, 1941:

This appeal is from the refusal of a motion for judgment n. o. v. filed by The Pennzoil Company, appellant, after the second trial of a trespass action brought against it by William T. McFadden, who died from his injuries following the first trial and whose administratrix, Lillian McFadden, appellee, has been substituted of record, to recover damages for injuries suffered in alighting from appellant's motor truck, and is the second appeal in the case.

On the first appeal to this Court *(McFadden v. Pennzoil Co.,* 336 Pa. 301), taken from the refusal of appellant's motion for judgment on the whole record, under the Act of April 20, 1911, P. L. 70, after disagreement of the jury on the first trial, the issues raised and passed upon adversely to appellant related solely to the sufficiency of the evidence relied upon as establishing that at the time of the injury the truck, ownership of which was admitted, was within the control of appellant and was being operated by its servant acting within the scope of his employment and in furtherance of appellant's business, and that appellee's decedent was not a trespasser, but was upon the truck with appellant's knowledge and consent. On the present appeal, appellant concedes that the truck was its property, operated by its servant upon its business, and that the decedent was lawfully upon the truck at the time of the accident, as also the sufficiency of the proofs to sustain the jury's finding that the driver of the truck was negligent and that his negligence contributed to the accident, its sole contention being that the deceased's own negligence so

contributed in producing his injuries as to disentitle him to hold it liable to respond in damages therefor.

Appellant had undertaken to furnish transportation, between Rouseville, Pennsylvania, and construction work on premises owned by it some miles away, to McFadden and other of its employees who had been temporarily transferred from its payroll to that of an independent contractor, for the duration of the construction, and had transported them daily, over a long period of time, in the body of the dump truck from which McFadden was alighting when he was injured. The number of men thus transported varied; sometimes there were two, sometimes four, and sometimes as many as eight. On the day of the accident, August 12, 1932, McFadden and another employee, one Huddleston, boarded the truck, as usual, at the close of the day's work, seating themselves on the floor of the body of the truck, just in back of the cab, and they there rode in safety to their destination at appellant's garage in Rouseville, where the truck was brought to a complete stop by the driver, who then advised them that they should alight. McFadden immediately went to the rear of the truck and began to get off. Holding to the sideboard on the left side of the truck, he placed one foot on the tire of the left wheel and was in the act of placing the other foot on the hub cap of the wheel, when the driver, without affording him sufficient time to alight and without notice or warning of any kind, suddenly started the truck, pulling or throwing him to the ground and beneath the wheel, which ran over him as the truck moved forward. The truck was brought to a stop a short distance beyond McFadden's body, but, despite the outcries of the injured man and onlookers, was then backed over him, further injuring him. Huddleston, who got off on the right side of the truck, safely reached the ground.

Accepting as verity the evidence most favorable to appellee's side of the case, and the inferences legiti-

mately to be deduced therefrom, as we are required to do in cases of this character *(Borits v. Tarapchak,* 338 Pa. 289, 290), these are the controlling facts surrounding the occurrence of the accident, and on this appeal they are not in dispute. The sole question presented is whether riding on the floor of the body of the truck, instead of upon the driver's seat, which was large enough to accommodate, in addition to the driver, "generally one fellow" and "sometimes two if they was small fellows", and alighting in the manner disclosed by appellee's own evidence, including that of the injured man himself taken at the first trial, rendered McFadden chargeable with contributory negligence as a matter of law.

That McFadden rode in the body of the truck rather than upon the driver's seat is of no consequence under the circumstances presented. "The test for contributory negligence is whether the act constituting the negligence contributed in any degree to the production of the injury: *Creed v. P. R. R.,* 86 Pa. 139, 145; *Gould v. McKenna,* 86 Pa. 297, 303. If it did, then there can be no recovery": *Robinson v. American Ice Co.,* 292 Pa. 366, 369. But, in order to defeat recovery of damages for injuries arising from the negligence of another, the injured person's negligence must have been a juridical cause of the injury, and not simply a condition of its occurrence: *Passenger Ry. Co. v. Boudrou,* 92 Pa. 475, 479; *Weir v. Haverford Elec. Light Co.,* 221 Pa. 611, 617; *Williams v. Metropolitan Edison Co.,* 267 Pa. 158, 162; *Hull v. Bowers,* 273 Pa. 429, 433. "The fact that the plaintiff has failed to exercise reasonable care for his own safety does not bar recovery unless the plaintiff's harm results from a hazard because of which his conduct was negligent": *Restatement of Torts,* section 468. Thus, while it is a well established principle, most recently applied in *Valente v. Lindner,* 340 Pa. 508, that where a person unnecessarily assumes a dangerous position upon a moving vehicle and, *by*

*reason of such position,* sustains injuries, ordinarily there can be no recovery therefor, the injured person's position in itself being a contributing cause, it is equally clear that the rule is applicable to defeat a recovery only where the negligence or misconduct of which the injured party was the victim can reasonably be considered as having been included in the risks to which his position exposed him. See *Sharrer v. Paxen,* 171 Pa. 26; *Powelson v. United Traction Co.,* 204 Pa. 474; *Bulfrois v. Traction Co.,* 210 Pa. 263; *Besecker v. Del., etc., R. R. Co.,* 220 Pa. 507; *Garrett v. Beaver Val. Trac. Co.,* 222 Pa. 586; *Robinson v. Am. Ice Co.,* supra; *Sexauer v. Pittsburgh Rys. Co.,* 305 Pa. 319; *Hough v. Amer. Red. Co. of Pitts.,* 315 Pa. 234.

It is not sought to recover damages for injuries sustained by McFadden while he was riding on the truck, and this is a fact of controlling importance in this case. Assuming, for the sake of argument only, that he was negligent in riding as he did, on the floor of the body of the dump truck, such peril as may have been incident to his so riding was passed when the truck safely reached its destination and was brought to a complete stop, and the assumption of risk involved could not, therefore, be extended so as to absolve appellant from responsibility for the subsequent negligent act of its employee by which he was fatally injured. McFadden's negligence in this regard was not a cause of his injury, but at most a circumstance that made it possible; his position on the truck in no way contributed to the injury, but, like that of the injured in *Robinson v. Ice Co.,* supra, was "a mere incident in the line of [appellant's] unlawful act, which was not to be anticipated, and without which no harm would have resulted." In *Schomaker v. Havey,* 291 Pa. 30, the decedent was standing on the running board of a moving automobile and was injured when the driver, upon reaching a street intersection, suddenly swerved the car, throwing him to the ground. And, in *Zavodnick v. A. Rose & Son,*

297 Pa. 86, the deceased was standing on the open platform of a moving truck, hanging to a stake, and was injured when a wheel of the truck struck a depression, throwing him to the pavement. As these cases, upon which appellant relies, like *Valente v. Lindner,* supra, which involved an action to recover for fatal injuries to a policeman when he was thrown to the street from the running board of a moving car, by a sudden stop, are cases in which the injured person unnecessarily assumed a dangerous position on a moving vehicle, and was injured as the result of a risk to which he thus voluntarily exposed himself and could have anticipated, they are not here controlling.

Nor do we agree with appellant's contention that, in alighting from the truck in the manner in which he did, McFadden can be said to have assumed such an obviously dangerous position as to preclude recovery as a matter of law. He did not attempt to alight until the truck had been brought to a complete stop and he had been advised by the driver that it was safe to alight, whereupon he promptly began to get off in the manner heretofore described. He had no reason to anticipate that without notice or warning, and without allowing him sufficient time to alight, the driver would suddenly start the truck; on the contrary, he had a right to expect that, having brought the truck to a stop and having given him the signal to get off, the driver, who had full knowledge of the situation, would do no negligent act that might injure him while he was in the act of alighting: *Hughes v. Murdoch S. & T. Co.,* 269 Pa. 222. Apt, therefore, is the following, from *Wagner v. P. R. T. Co.,* 252 Pa. 354, 359-60: "The failure to anticipate negligence which results in an injury is not negligence and will not defeat an action for the injury sustained. A party is not bound to guard against the want of ordinary care on the part of another; he has a right to presume that ordinary care will be used to protect him and his property from injury. No one can complain of want of

care in another where care is only rendered necessary by his own wrongful act." See also *Lewis v. Wood*, 247 Pa. 545, 549; *Handfinger v. Barnwell Bros., Inc.*, 325 Pa. 319, 323.

As was stated in *Altomari v. Kruger*, 325 Pa. 235, 240, "it is only in those cases where contributory negligence is so clearly revealed that fair and reasonable individuals could not disagree as to its existence that it may be declared judicially." The present case manifestly lacks the clearness and certainty which would justify such action.

Judgment affirmed.