## Cebulskie v. Lehigh Valley Railroad Company, Appellant.

Argued November 18, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Joseph Neff Ewing, Jr.,* for appellant.

*Donald J. Farage,* with him *David S. Shrager,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 7, 1971:

Appellee, Edward Cebulskie, was injured when the delivery truck he was driving went off a bridge maintained by the appellant railroad. Cebulskie brought an action of trespass alleging that the railroad was negligent in maintaining the bridge and that this negligence was the proximate cause of the accident.

At the trial the appellee testified that as he drove onto the bridge, the front wheels of his truck began to "shimmy" when they went from the macadam highway onto the beginning of the bridge surface, which was a few inches lower; that almost immediately thereafter his left front wheel fell into hole in the wooden planking, which caused the truck to veer sharply to its left, the steering wheel being wrenched from his grasp; that his vehicle then skidded along the surface made slippery by the effects of a slight drizzle on the wood preservative creosote, which was applied in and on the planks; and that the truck then went through the guardrail on the south side of the bridge.

Appellee admitted that he had known of the existence of the hole in the planking for some time prior to the accident. He testified that while on earlier occasions he would straddle the hole in order to avoid it, he was unable to do so on the day of the accident because there was an automobile coming. across the bridge in the opposite direction forcing him to stay in the right-hand lane and thus preventing him from avoiding the hole. After a verdict for appellee, dismissal of appellant's motions for new trial and judgment n.o.v., and entry of judgment on the verdict, the railroad appealed.

The principal argument raised in the railroad's appeal is that the trial judge erred in instructing the jury no less than fifteen separate times that it should not consider contributory negligence unless it was a "proximate cause" in the happening of the accident. The railroad concedes in its brief that on several occasions, pursuant to the railroad's requests, the trial judge charged the jury that appellee's contributory negligence would bar recovery even if that negligence contributed "in the slightest degree" to the happening of the accident. However, it is the railroad's contention

that the portion of the charge relating to "proximate cause" was completely erroneous and highly prejudicial to its case.

Appellant bases its contention on the opinion of this Court in *Crane v. Neal*, 389 Pa. 329, 132 A. 2d 675 (1957). However, the assertion in *Crane v. Neal* that the contributory negligence of the plaintiff need not be the proximate cause of his injury in order to bar recovery is inconsistent with prior Pennsylvania law on this subject: *Kasanovich v. George*, 348 Pa. 199, 34 A. 2d 523 (1943), *McFadden v. Pennzoil Company*, 341 Pa. 433, 19 A. 2d 370 (1941), *Weir v. Haverford Elec. Light Co.*, 221 Pa. 611, 70 A. 874 (1908), and with subsequent law: *Hamilton v. Fean*, 422 Pa. 373, 221 A. 2d 309 (1966), *Brazel v. Buchanan*, 404 Pa. 188, 171 A. 2d 151 (1961). It is not surprising then that Dean Prosser refers to *Crane v. Neal* and its "slightest degree" test as a "rather curious aberration." Apparently *Crane v. Neal* can be made consistent with other cases only on the grounds that the trial court in *Crane* failed to charge that contributory negligence, however slight the degree of negligence, would bar recovery, providing it was a proximate cause of the accident.

To summarize the law in Pennsylvania: A plaintiff cannot recover if his own negligence, however slight, contributes to the happening of the accident in a proximate way, i.e., the accident was the result of one of the risks, the creation of which had caused plaintiff's conduct to be labeled negligent.

This is the same relationship which must exist between a defendant's conduct and an accident for which he is held legally responsible.

As stated in Section 465(2) of the Restatement 2d, Torts: "The rules which determine the causal relation between the plaintiff's negligent conduct and the harm resulting to him are the same as those determining the

causal relation between the defendant's negligent conduct and resulting harm to others."

Those cases which seem to imply that the "slightest degree" test is in conflict with the proximate cause test, cases such as *Crane v. Neal, supra,* and *Cardarelli v. Simon,* 149 Pa. Superior Ct. 364, 27 A. 2d 250 (1942), confuse the meaning of "proximate cause." Proximate cause does not refer to a degree of negligence. It describes a kind of causation, the kind to which legal responsibility attaches.

An excellent example of conduct which may be, in some sense, a "cause" of an accident but is not a proximate cause for which legal responsibility attaches can be found in *McFadden v. Pennzoil Company, supra.* The facts of that case are stated in the opinion at page 435 as follows: "Appellant had undertaken to furnish transportation between Rouseville, Pennsylvania, and construction work on premises owned by it some miles away, to McFadden and other of its employees who had been temporarily transferred from its payroll to that of an independent contractor, for the duration of the construction, and had transported them daily, over a long period of time, in the body of the dump truck from which McFadden was alighting when he was injured. The number of men thus transported varied; sometimes there were two, sometimes four, and sometimes as many as eight. On the day of the accident, August 12, 1932, McFadden and another employee, one Huddleston, boarded the truck as usual, at the close of the day's work, seating themselves on the floor of the body of the truck, just in back of the cab, and they there rode in safety to their destination at appellant's garage in Rouseville, where the truck was brought to a complete stop by the driver, who then advised them that they should alight. McFadden immediately went to the rear of the truck and began to get off. Holding

to the sideboard on the left side of the truck, he placed one foot on the tire of the left wheel and was in the act of placing the other foot on the hub cap of the wheel, when the driver, without affording him sufficient time to alight and without notice or warning of any kind, suddenly started the truck, pulling or throwing him to the ground and beneath the wheel, which ran over him as the truck moved forward. The truck was brought to a stop a short distance beyond McFadden's body, but, despite the outcries of the injured man and on-lookers, was then backed over him, further injuring him. Huddleston, who got off on the right side of the truck, safely reached the ground."

In that case, although in some sense the plaintiff's conduct was a "cause," for the accident would not have happened if plaintiff had not ridden on the floor of defendant's dump truck, because then plaintiff would not have gotten out of the back of the truck, it was not a proximate cause. The court explained that if the plaintiff was negligent, it was in unreasonably assuming the risks of being in a dangerous position in a moving vehicle. However, being run over by the truck in which plaintiff was riding after it had stopped and the driver had given plaintiff permission to get out of the truck is not one of the risks by reason of which plaintiff's conduct is adjudged negligent. Therefore, his negligence in creating the unreasonable risks to himself inherent in a dangerous riding position was not a proximate cause, i.e., it had no legal relation to the accident.

The doctrine that, in order to be a bar to recovery, the plaintiff's negligence, however slight, must also be a proximate cause, is not, as appellant alleges, a doctrine of comparative negligence. If both the plaintiff and the defendant are negligent, and the negligence of each is a proximate cause of the accident, the relative

degrees of negligence are not compared. The law is still what it was when enunciated in *Weir v. Haverford Elec. Light Co., supra,* at 617: "The doctrine of comparative negligence has not been recognized in our state. Any negligence on the part of a plaintiff that contributes to, and is the proximate cause of, his injury defeats his action. There can be no balancing or matching of degrees of negligence."

Since the court's charge with regard to contributory negligence was correct, both as to proximate cause and degree of negligence, this part of appellant's argument must fail.

Appellant also contends that the trial judge erred in permitting the jury to find as a proximate cause of the accident any condition other than the hole into which the left front wheel of Cebulskie's truck fell shortly after he drove onto the bridge. We disagree. " 'Proximate cause' is peculiarly a jury question," *Coyne v. Pgh. Railways Co.,* 393 Pa. 326, 334, 141 A. 2d 830 (1958). Appellee's complaint alleged the railroad's negligence in maintaining the bridge. The specifications of negligence included the existence of holes in the bridge, loose boards, cracked and splintered boards, a slippery surface, and a railing constructed of wood which had long since decayed. Cebulskie's testimony was to the effect that after the front tire of his truck went into the hole, his vehicle went out of control, "skidded across the bridge's slippery surface towards the guard rail," and that the vehicle went through the guard rail "like tissue paper." Accordingly, the jury could well find that any number of defects which existed on the bridge due to the railroad's negligent maintenance were a proximate cause of the accident.

Judgment affirmed.

Mr. Chief Justice BELL, Mr. Justice JONES and Mr. Justice ROBERTS concur in the result.

Mr. Justice COHEN took no part in the decision of this case.