McCay et ux., Appellants, *v.* Philadelphia
Electric Company.

Argued January 10, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MAN-DERINO, JJ.

*Malcolm B. Petrikin,* with him *Leo A. Hackett* and *Fronefield, deFuria and Petrikin,* for appellants.

*J. H. Ward Hinkson,* with him *Hinkson & Cantlin,* for appellee.

OPINION BY MR. JUSTICE NIX, May 25, 1972:

Between two and two-thirty in the afternoon of August 22, 1963, the appellant, Jean O. McCay, was operating an automobile owned by her employer, Community Nursing Service, on MacDade Boulevard in Folsom, Delaware County. It was raining at the time, and the road surface was wet.

Several blocks west of where the accident occurred, Mrs. McCay had turned right onto MacDade Boulevard, which was two lanes for travel in each direction, and had then driven eastwardly in the lane nearest the curb. She remained in that lane until she passed the Swarthmore Avenue intersection when she turned on

her left-turn signal and moved from the outside to the inside eastbound traffic lane of MacDade Boulevard. Her left-turn signal remained on continuously as she proceeded through the next intersection, Folsom Avenue, and throughout the length of the next block and halfway into the Rutledge Avenue intersection. At this time, after having traveled approximately 450-500 feet with her left-turn signal on, Mrs. McCay brought her car to a complete stop in the middle of the Rutledge Avenue intersection.

From Swarthmore Avenue to Rutledge Avenue a Philadelphia Electric Company automobile had been following Mrs. McCay at a distance of approximately 25 to 30 feet. A Freihofer delivery truck, in turn, was following the Philadelphia Electric Company car at a distance of 35 to 40 feet. All three vehicles were maintaining the same speed of approximately 25 miles per hour.

When Mrs. McCay stopped in the intersection she was hit from the rear by the Philadelphia Electric automobile. The Freihofer truck then struck the rear of the Philadelphia Electric vehicle, but not with such impact as to cause a second collision with Mrs. McCay's car. Although there was no testimony by the driver of the Philadelphia Electric automobile, since he had died from causes unrelated to the accident prior to the trial, the truck driver testified that Mrs. McCay's stop was sudden. Mrs. McCay stated that she gradually slowed down before coming to a complete stop.

At no time had appellant noticed the Philadelphia Electric automobile following her. She admitted that she had never looked into the rear-view mirror as she was about to stop; that she never made any check of any kind of the traffic following her; and that had she looked and seen the Philadelphia Electric automobile closely behind her, she could have safely continued through the intersection without stopping.

After the accident, Mrs. McCay told a police officer that she was "not injured or hurt in any way." Record, vol. 2, at 186a. The car was fully operable and all damage was repaired at a total cost of $41.15. Subsequently, she complained of severe headaches and a soreness in the area of her neck and shoulders. Mrs. McCay consulted an Orthopedic Specialist who prescribed medication and a collar. Ultimately, she had to undergo two operations, one on her cervical spine and another which consisted of a lumbar fusion.

Suit was instituted by the appellants for recovery by the wife-appellant for pain and suffering, loss of earnings and permanent impairment of earning power; by the husband-appellant for compensation for past and future medical expenses and loss of consortium.

At the conclusion of a six-day trial, the jury, after deliberating an hour and five minutes, returned a verdict in favor of the appellee. Appellants' attorney moved for a new trial, which motion was dismissed by order of the Court of Common Pleas of Delaware County sitting en banc. An appeal to this Court followed.

The first assignment of error raises the interesting question of the nature of the causal relationship between the plaintiff's negligence and the happening of the accident that is required to bar recovery. In *Crane v. Neal,* 389 Pa. 329, 332-33, 132 A. 2d 675, 677-78 (1957), this Court specifically held that a trial judge commits reversible error in charging a jury that a plaintiff's negligence would not bar his recovery unless it was a proximate cause of the accident.[1] In that case it

---

[1] *See also Getz v. Robinson,* 232 F. Supp. 763, 766 (W.D. Pa. 1964); *Moore v. United States,* 217 F. Supp. 289, 297 (E.D. Pa. 1963); *Middleton v. Glenn,* 393 Pa. 360, 363, 143 A. 2d 14, 16 (1958); *Ulmer v. Hamilton,* 383 Pa. 398, 403, 119 A. 2d 266, 268-69 (1956); *Grimes v. Yellow Cab Co.,* 344 Pa. 298, 304, 25 A. 2d 294,

494

was stated that "[a]lthough broader language may be found in a few cases, 'There is not the slightest doubt [under the law of Pennsylvania] that a plaintiff is guilty of contributory negligence and cannot recover if his negligence contributed in any degree, however slight, to the injury.' " 389 Pa. at 332-33, 132 A. 2d at 677 (footnote omitted) (citations omitted).

No statement could be more erroneous. The doctrine of "slightest degree" is not, nor has it ever been, the correct statement of Pennsylvania law as to the necessary causal relationship between plaintiff's negligence and the resultant injury. See *Cebulskie v. Lehigh Valley R. R. Co.*, 441 Pa. 230, 233, 272 A. 2d 171, 173 (1971) ; *Argo v. Goodstein*, 438 Pa. 468, 481, 265 A. 2d 783, 789-90 (1970) ; *Hamilton v. Fean*, 422 Pa. 373, 378, 221 A. 2d 309, 312 (1966) ; *Brazel v. Buchanan*, 404 Pa. 188, 192-93, 171 A. 2d 151, 154-55 (1961) ; *Geelen v. Pennsylvania R. R. Co.*, 400 Pa. 240, 248, 161 A. 2d 595, 600 (1960) ; *Kasanovich v. George*, 348 Pa. 199, 202, 34 A. 2d 523, 525 (1943). The rules which determine the causal relation between the plaintiff's negligence and the injury are the same as those determining the causal relation between defendant's negligent conduct and the injury sustained by others. There is no reason in law or in logic which would dictate a distinction between these two situations.[2] In both instances it was necessary to find that the negligence was the

---

296 (1942) ; *McFadden v. Pennzoil Co.*, 341 Pa. 433, 436, 19 A. 2d 370, 372 (1941).

[2] In addition, even those cases that followed the "slightest degree" doctrine accepted the legal proposition that where there is a violation of statute, constituting negligence per se, this does not support contributory negligence unless it is the proximate and efficient cause of the accident. *See, e.g., Crane v. Neal*, 389 Pa. at 335, 132 A. 2d at 679. There is no justification for distinguishing between a duty emanating from a statute and one founded on common law principles.

proximate cause of the accident. That is, if the defendant's negligence was not the proximate cause of the injury then he cannot be held accountable, and likewise if plaintiff's negligence was not a proximate cause it will not bar his recovery.

We agree with the statement of Justice O'BRIEN in *Cebulskie v. Lehigh Valley R.R. Co.*, 441 Pa. at 234, 272 A. 2d at 173: "Those cases which seem to imply that the 'slightest degree' test is in conflict with the proximate cause test [citations omitted] confuse the meaning of 'proximate cause'. Proximate cause does not refer to a degree of negligence. It describes a kind of causation, the kind to which legal responsibility attaches". Those cases following the *Crane* "slightest degree" test failed to distinguish slight negligence from slight contribution. The "slightest degree" test properly applies to the degree of negligence and is but a reaffirmation of Pennsylvania's long standing refusal to accept any theory of comparative negligence. To eliminate any further confusion in this area we specifically overrule *Crane v. Neal.*[3] The correct statement of the law is that a plaintiff cannot recover if his own negligence, however slight, contributes to the happening of the accident in a proximate way.

In the instant case, appellants maintain that the trial court's instruction on contributory negligence was error. The applicable portion of the lower court's instruction to the jury on contributory negligence was as follows: "Any plaintiff who is guilty of contributory negligence cannot recover under the law of this State, no matter how negligent the defendant may have been. *If a plaintiff was guilty of negligence which contributed*

---

[3] In view of our conclusion that we are not establishing new law, we need not discuss retroactivity, if in fact it is an issue. We are now merely clarifying that which has always been the existing law.

to the happening of his own injury in any degree, however slight it may have been, he cannot prevail in a suit for damages arising from that accident. The test is whether the act or acts alleged as constituting negligence contributed in any degree to the production of the injury." Record, Vol. 2, at 248a (emphasis added). Although this portion of the charge could possibly be interpreted to suggest an adherence to the erroneous "slightest degree" test, we believe that when reviewed in its entirety the trial court's charge to the jury on contributory negligence was in compliance with Pennsylvania law. It is important to note that immediately after explaining contributory negligence and the appropriate burdens of proof, the trial court charged the jury with respect to the distinction between "proximate cause" and "remote cause". Although the charge was phrased in reference to defendant's negligence, its positioning immediately following a description of plaintiff's conduct left a clear implication that plaintiff's negligence must be a proximate cause. This is reinforced by the fact that proximate cause had previously been discussed with reference to defendant's negligence.

Further information with respect to the causal relationship which must exist between any contributory negligence on the part of the appellant and the happening of the accident was presented to the jury when the court affirmed appellee's fourth and fifth Points for Charge. In both instances the jury was told that contributory negligence on the part of Mrs. McCay would serve as a bar to recovery only if such negligence "had a direct causal relationship to the accident." Record, Vol. 2, at 273a, 275a. In summary, we find that the trial court effectively charged the jury on the issue of contributory negligence.[4]

---

[4] We recognize the court's hesitancy to specifically charge that plaintiff's negligence must be a proximate cause since this case

Appellants also argue that the trial judge committed prejudicial error requiring the granting of a new trial when he allowed opposing counsel to question Mrs. McCay concerning a prior rear-end automobile accident. Initially, plaintiffs' objection to this line of inquiry was sustained. However, after the wife-plaintiff's testimony with respect to her pre-existing physical condition, the trial judge permitted the defendant to inquire into her prior accident. It is apparent that Mrs. McCay's testimony developed an issue as to the true origin of the injuries which formed the basis of her present complaints.

To begin with, Mrs. McCay admitted to the police officer on the scene that she was not hurt in any way. On direct examination, Mrs. McCay stated that in November of 1958, she had suffered a herniated lumbar disc for which she received treatment, but it was emphasized that she had completely recovered at least eight months before the accident in question. However, during cross-examination Mrs. McCay admitted that she had received 187 chiropractic treatments following the 1958 herniation between November 11, 1960 and May 15, 1963, which was only three months prior to this accident. Another conflict as to the origin of her present difficulties arose when she stated on direct examination that her present complaints of pain in her lower back and legs originated with symptoms that developed within a month or so after the accident in 1963; yet, she had testified under oath at a hearing before a Workmen's Compensation Referee on December 12, 1966, that these symptoms had first appeared in March of 1965.

It was further revealed that when Mrs. McCay went to Dr. DePalma for the operation on her cervical

---

was tried after *Crane v. Neal*, supra, but prior to *Cebulskie v. Lehigh Valley R. R. Co.*, supra.

spine in August of 1965, she told him nothing about her earlier back problems. Even in February of 1966, when she secured Dr. DePalma as a witness in this matter and finally told him of her previously existing back problem, Mrs. McCay did not mention the 187 chiropractic treatments she had received. It was also brought out on cross-examination that between the time the instant accident occurred and the time of trial, Mrs. McCay was being treated by Dr. J. Hubert Conner, who was also a medical witness for appellants at the trial. Yet during this entire period she never discussed with him the conditions relating to the prior back complaints.

In light of these revelations, it is apparent that the trial judge properly exercised his discretion in allowing defense counsel to inquire into the prior automobile accident. Mrs. McCay testified that the accident in question had caused serious injury although a very similar incident a few months earlier had not injured her at all. The jury was entitled to consider this prior accident since it bears directly on the credibility to be given her testimony regarding the severe consequences she claims to have resulted from this very slight rear-end collision. A real issue of fact as to the true origin of the present difficulties was involved and evidence of the prior accident was relevant.

Finally, counsel for appellants finds the verdict to be "shocking and so against the law and evidence that it can only be accounted for on the basis of confusion in the jury's mind brought about by the inadequate, misleading and prejudicial charge of the trial judge." Brief for Appellants at 10. Upon a reading of the entire charge we find that such a conclusion is unwarranted.

In support of their argument appellants isolate portions of the trial judge's charge and contend that

such excerpts clearly establish the prejudicial nature of the charge. However, in reviewing a trial judge's charge the proper test is not whether certain portions taken out of context appear erroneous. As this Court recently stated in another collision case: "As in all cases questioning the accuracy of a charge to the jury, we must not take the challenged words or passage out of the context of the whole charge, but must look to the charge in its entirety, against the background of the evidence in the particular case, to determine whether or not error was committed and whether that error was prejudicial to the complaining party." *Whitner v. Lojeski,* 437 Pa. 448, 454, 263 A. 2d 889, 892 (1970). *See also, Wilson v. Penna. R. R. Co.,* 421 Pa. 419, 219 A. 2d 666 (1966); *Sherman v. Manufacturers Light and Heat Co.,* 389 Pa. 61, 132 A. 2d 255 (1957).

Appellants contend that the charge to the jury was prejudicial for three reasons. First, appellants would have us hold that without a specific request the court should have instructed that, where plaintiff in a motor vehicle collision case establishes a prima facie case of negligence against the defendant, the burden is on defendant to come forward with exculpatory evidence. Also with respect to burden of proof, appellants argue that by affirming the defendants fourth and fifth Points for Charge, the court in effect placed upon Mrs. McCay the burden of proving her freedom from contributory negligence. They maintain that such instruction in the absence of the instruction on the defendant's burden of proof was tantamount to a directed verdict for defendant. Lastly, appellants suggest that the trial court's instruction on the "sudden emergency" doctrine misled the jury to the prejudice of Mrs. McCay because there was no specific instruction on Philadelphia Electric Company's duty to prove the existence of an emergency beyond their driver's control.

From a reading of the trial court's charge in its entirety, we conclude that it was fair and correct. The record reveals that in every instance the law was adequately stated and both counsel were given sufficient opportunity to request further instructions or to take exceptions if they so desired. Counsel for appellants neglected to ask for any additional instructions on burden of proof[5] when he had the opportunity to do so, and in the absence of a specific request for further clarification of the duties involved we believe the instructions given were sufficient.

Judgment affirmed.

---

[5] In their support appellants cite *Kralik v. Cromwell*, 435 Pa. 613, 258 A. 2d 654 (1969) ; *Richmond v. A. F. of L. Medical Service Plan of Philadelphia*, 421 Pa. 269, 218 A. 2d 303 (1966) ; and *Vaughn v. Philadelphia Transportation Co.*, 417 Pa. 464, 209 A. 2d 279 (1965). Apparently, appellants have overlooked the fact that in each of the three cases relied upon we were not faced with the question of whether, as here, additional clarification was required on a given point of law, but rather with the problem of correcting erroneous instructions which had been given.