Hunger *v.* LaBarre, Appellant.

508

*E. Drummond King,* with him *King, McCardle,* for appellant.

*Howard N. Stark,* for appellee.

OPINION BY HOFFMAN, J., June 14, 1973:

Appellant contends that the lower court erred in awarding the appellee a new trial on the ground that the trial judge improperly instructed the jury on the question of contributory negligence.

On December 7, 1968, the Appellant, George F. LaBarre, was proceeding in his automobile along East Susquehanna Street in Allentown. When the appellant's vehicle reached a point two hundred feet east of the intersection of East Susquehanna and South Franklin Streets, the right front corner of his car came into violent contact with a pedestrian, appellee's decedent Marcus Hunger. As a result of this collision, Hunger sustained injuries which caused his death three days later.

Following the presentation of the evidence in the trial before the lower court, the Judge charged the jury: "Now, contributory negligence is conduct for which the plaintiff is responsible, amounting to a breach of duty which the law imposes upon persons to protect themselves from injury, and which concurring and cooperating with the negligent acts of the defendant contributes to the injury of which the plaintiff complains. *Any plaintiff who is guilty of contributory negligence cannot recover under the law of Pennsylvania no matter how negligent the defendant may have been. If the plaintiff was guilty of negligence which contributed to the happening of his own injury in any degree, however slight it may have been, he cannot prevail in a suit for damages arising from that accident. The test is whether the act or acts alleged as constituting negligence contributed in any degree to the production of the injury to the plaintiff.*" (Emphasis added.)

Pennsylvania courts have long held that to bar recovery a plaintiff's negligence must be *a proximate cause of his own injury. Argo v. Goodstein,* 438 Pa. 468,

265 A. 2d 783 (1970).[1] Thus, a jury charge to the effect that plaintiff's contributory negligence will bar his recovery even though it is not a proximate cause of his injury is erroneous. *Cebulskie v. Lehigh Valley Railroad*, 441 Pa. 230, 272 A. 2d 171 (1971). "The rules which determine the causal relation between the plaintiff's negligence and the injury are the same as those determining the causal relation between defendant's negligent conduct and the injury sustained by others. There is no reason in law or in logic which would dictate a distinction between these two situations. In both instances it was necessary to find that the negligence was the proximate cause of the accident. That is, if the defendant's negligence was not the proximate cause of the injury then he cannot be held accountable, and likewise *if plaintiff's negligence was not a proximate cause it will not bar his recovery.*" *McCay v. Philadelphia Electric Company*, 447 Pa. at 494-495, 291 A. 2d 759 (1972). (Emphasis added.) (Footnote omitted.)

In *McCay*, the trial judge charged the jury as follows: " 'Any plaintiff who is guilty of contributory negligence cannot recover under the law of this State, no matter how negligent the defendant may have been. If a plaintiff was guilty of negligence which contributed to the happening of his own injury in any degree, however slight it may have been, he cannot prevail in a suit for damages arising from that accident. The test is whether the act or acts alleged as constituting negligence contributed in any degree to the production of the injury.' " 447 Pa. 490, 495-496. This portion of the *McCay* charge is identical to a portion of the charge given herein. The Supreme Court in *McCay* held that such instructions indicated that the erroneous slightest degree test had been applied. 447 Pa. at 496. Rather

---

[1] *Argo v. Goodstein*, cites a complete list of Pennsylvania cases which go back to 1908 and hold this to be the law.

than holding this one portion of the charge in *McCay* to be reversible error, the Supreme Court examined the jury instructions in their entirety. This examination revealed that the lower court charged the jury that "contributory negligence on the part of Mrs. McCay would serve as a bar to recovery only if such negligence 'had a direct causal relationship to the accident'." 447 Pa. at 496. Furthermore, the proximate cause charge which immediately followed the contributory negligence instruction was sufficient to instruct the jury that contributory negligence is not a bar to recovery by the plaintiff unless it is a proximate cause of the injury.

In the instant case, that portion of the charge which the Supreme Court found to be erroneous in *McCay* was not corrected by a proper proximate cause or causal relationship charge immediately following the erroneous portion of the charge. Thus, the trial court correctly granted appellee a new trial. "The trial court has wide discretion in determining whether or not to grant a new trial. 'On appeal such an order will not be reversed unless a palpable abuse of discretion clearly appears or unless an erroneous rule of law, which under the circumstances necessarily controlled the outcome of the case, is certified by the court below as the sole reason for its action or, without such certification, the court's opinion clearly indicates this to be the case. . . .'" *Harrison v. Nichols*, 219 Pa. Superior Ct. 428, 429, 281 A. 2d 696 (1971) (citations omitted). The lower court correctly held that the charge in its entirety was error. Thus the lower court did not abuse its discretion in granting appellee a new trial.[2]

The order of the lower court granting appellee a new trial is affirmed.

---

[2] In *McCay*, the lower court had refused to grant a new trial. Just as in the instant case, the Supreme Court refused to find an abuse of discretion.